UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CESAR DE LA GARZA,

Plaintiff,

v.

KANDIYOHI COUNTY JAIL CORRECTIONAL INSTITUTION, and KANDIYOHI COUNTY SHERIFF DEPT.,

Defendants.

CIVIL NO. 01-198 (RHK/JGL)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Kandiyohi County Jail in Willmar, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff's complaint consists of a rather garbled list of grievances about the conditions of his confinement in the Kandiyohi County Jail. He has been detained there, (apparently awaiting trial on some undisclosed criminal charges), for at least the past several months. During that time, he has been subjected to disciplinary measures for fighting and disobeying directives issued by jail personnel. It appears that he has also argued with jail personnel and shouted obscenities at them.

FEB 20 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff is presently claiming that his constitutional rights have been violated during the course of his jail detention, because certain jail attendants allegedly have been "racially discriminating against" him. He further claims that someone has subjected him to "cruel and unusual punishment." The complaint does not name any of the individuals who allegedly have violated Plaintiff's constitutional rights, nor does Plaintiff's pleading include any specific factual allegations to support his claims.[1]

Plaintiff is presently attempting to sue two Defendants identified as "Kandiyohi County Jail Correctional Institution" and the "Kandiyohi County Sheriff Dept." Evidently, Plaintiff is not seeking any damage award; rather he asking (a) for an order directing "the Kandiyohi County Jail administration to halt their discrimination in their unequal discipline practices against the hispanic[s]," and (b) that "an investigation be conducted for racial discrimination against hispanics in this Jail."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking relief under 42 U.S.C. § 1983, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against

---

[1] The only specific facts alleged in the complaint pertain to a medical condition that Plaintiff developed during his confinement, which he identifies as "red bumps and a rash." Plaintiff claims that some (unidentified) jail attendant(s) violated his constitutional rights by ignoring his request for medical attention for his condition. However, the written materials attached to the complaint show that, in fact, Plaintiff did receive medical care for his condition. Plaintiff may not agree with the diagnosis and treatment provided to him, but his mere disagreement will not support an actionable § 1983 claim. <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993) (<u>per</u> <u>curiam</u>) ("[d]isagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs").

governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff's complaint must be dismissed pursuant to § 1915A(b)(1), because neither of the two named Defendants is a suable entity. The first named Defendant, Kandiyohi County Jail Correctional Institution, is merely a building, the name of a detention facility. The Jail itself clearly is not an individual, corporation, organization, political subdivision, or any other form of legal entity that can be sued as such. Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit," and citing four other federal court decisions that have ruled the same).

Likewise, the Kandiyohi County Sheriff's Department cannot be sued, because it too has no independent legal existence, and it is not an identifiable legal entity. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). The capacity of a sheriff's department to be sued must ultimately be determined by state law. Id., citing Fed. R. Civ. P. 17(b). However, it appears that most courts that have considered the issue have found that a sheriff's department cannot be sued as such. See id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department itself is not a suable entity under § 1983");

Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed").

This Court finds no reason to conclude that the legal status of a sheriff's department is different in Minnesota than it is in most other states. Moreover, at least one judge in this District has specifically ruled that a Minnesota sheriff's department is not a suable entity. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989).

Thus, the Court concludes that the "Kandiyohi County Sheriff's Department," like the "Kandiyohi County Jail Correctional Institution," is not a suable entity. Because the only two Defendants named in Plaintiff's complaint are not suable suable entities, Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that Plaintiff's complaint be summarily dismissed.

The Court further notes that Plaintiff's claims in this case appear to be based on the theory of respondeat superior. In other words, Plaintiff seems to be trying to sue the parties who are responsible for operating the Kandiyohi County Jail for the allegedly wrongful acts of their subordinates. It is well-settled, however, that respondeat superior does not apply to § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658,

694 (1978). Thus, even if Plaintiff had named Kandiyohi County and/or the Sheriff of Kandiyohi County (whoever he or she may be) as the Defendant(s) in this case, his complaint still would not state an actionable § 1983 claim. For this reason, the Court finds that Plaintiff should not be allowed to file an amended complaint in this case in order to name some suable supervisory entity and/or individual as defendant(s). Instead, it will be recommended that the action be dismissed with prejudice, and without leave to amend, pursuant to 28 U.S.C. § 1915A(b)(1).

Because Plaintiff has failed to state an actionable claim, it will also be recommended that his application for leave to proceed in forma pauperis, (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff should remain liable for the unpaid balance of the $150 filing fee.[2] He has paid only $15.00, so he still owes $135.00. Jail officials will have to deduct that amount from his jail trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## III. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $135.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: February 20 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 9, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.